East'n. District.
*May*, 1829.

MILLAUDON
*vs.*
POLICE JURY.

Authentic acts
are full evidence
against the par-
ties and those
who claim under
them.

*MILLAUDON* vs. *POLICE JURY.*

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. The petitioner states that he is the owner of a plantation, on the right bank of the Mississippi, which is burdened with a servi-tude in favor of certain inhabitants of the shores of lake Barrataria, who had a right of way over his plantation, from the river to the lake; that the police jury of the parish of Jefferson pretend that he is bound to keep in repair a public road or highway over his said plantation, from its front to the depth or back line, and are incessantly harrassing him with orders to keep said highway in repair, and vexatious proceedings, in consequence of said orders: he prayed and obtained an injunc-tion, &c.

The defendants pleaded the general issue, and averred, that ever since there was a set-tlement made on the shores of the lake, there has been a highway, royal or public road through the plantation of the petitioner, leading from the river to the lake, which the owner of it has ever been bound to keep in repair, &c.

The injunction was made perpetual, and the defendant appealed.

The record shews that, about the year 1779, Governor Galvez settled a few families on the shores of lake Barrataria, and he caused to be opened, at the public expense, a royal or public road or highway, taking the ground therefor, by equal proportions, from the plantations, through which it passed.

That in the act of sale of the premises in 1803, by Lartigue to Dominique Bouligny, there is a clause, by which the vendor states, that the plantation owes a public road, which it is bound to keep in repair. A similar clause is inserted in the act of sale of Dominique Bouligny to Lewis Bouligny, in 1810, as well as in the sale from Lewis Bouligny to Tricoa & al. from whom the petitioner bought.

Now, these authentic acts are entitled to full faith against the parties and the petitioner, who holds under the vendees, of every thing which the parties had in view, and which constitutes the object of the act. *Pothier on obligations*, 701.

The object of the act was to describe the thing sold, the advantages which it had, and the burdens which had been imposed on it.

Now, the parol testimony and documents establish, that Galvez laid out a public road,

from the Mississippi to lake Barrataria, taking the ground from the plantations along the boundaries of which it passed. After the lapse of half a century, it must be presumed that the proprietors consented to, or were indemnified for, the sacrifice: that the road was kept in repair by them and their successors is proved. In the oldest deed that is produced, executed a quarter of a century ago, the burden imposed on the land is stated; a clause recognises it in two subsequent acts of sales, to which reference is made. In one of these acts, introduced by the plaintiff, the road is traced and marked *camino real*. It is in vain that the appellant's counsel urges, that the police jury were not parties to these deeds, and therefore cannot claim any right from them. We have seen that parties must be bound by their own declarations: and when the law requires these declarations to be written, it matters not into what acts they are consigned: they are not the less the declarations of the parties, who must be bound by them, and in cases like the present those who derive their rights from the parties who made these declarations, must take them affected with all the legal consequences of these declarations.

It is in evidence, that by an agreement, in 1817, subscribed by a number of proprietors, it was agreed that the road should be removed from one side of the bayou by which it ran to the other; it being thought that, both those who use the road, and those who were bound to repair it, would be thereby benefitted. This circumstance does not affect the present case: the question is not as to the particular part of the petitioner's estate the road is to run through, but as to his obligation to repair it.

It is therefore ordered, adjudged and decreed, that the judgment of the district court, be annulled, avoided and reversed, the injunction dissolved, and that the appellee pay costs in both courts.

*Seghers* for the plaintiff—*C. Derbigny* for the defendants.